Merriwether vs. Sebree, &c.

2bu232
d115 606
2bu 232
e128   125

CASE 59—PETITION EQUITY—SEPTEMBER 20.

# Merriwether vs. Sebree, &c.

### APPEAL FROM TODD CIRCUIT COURT.

In an action brought by the administrator against the widow, heirs, and creditors of his insolvent decedent's estate, for the settlement and distribution of his estate, the pleadings disclosed the fact that the widow was entitled to dower in lands sought to be sold in the action. The widow failed to answer, the lands were sold, and, before the proceeds of sale were finally distributed, she asserted and claimed her dower in the land. She was not estopped by her failure to answer further than to abide the sale to an innocent purchaser, and to take the value of her dower interest in the proceeds of the sales of the land, which the court ought to ascertain, and cause to be paid to her out of the same. Her right to appeal would not be barred until three years after the date of the judgment of distribution.

STITES & BULLITT,                                    For Appellant,
                        CITED—
  *Civil Code, section* 884.

H. G. PETREE,                                        For Appellee.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

Charles E. Merriwether died in December, 1861, leaving the appellant, Elizabeth G. Merriwether, his widow, and several children. He died possessed of a tract of about three hundred and forty-eight acres of land, lying in Christian county, which he had purchased from Gano Henry, and two parcels of land in Todd county, purchased of J. C. Dickenson and L. A. Wallace, containing together thirty-three acres, and another lot with a tobacco stemmery thereon.

In February, 1863, E. G. Sebree, the administrator of said decedent, brought this suit in equity against said widow and children, and the creditors of said Merriwether, alleging that the estate was insolvent, and praying for a sale of the real estate and an application of its proceeds to the payment of debts. The appellant, whose right of dower in the real estate, subject to liens for unpaid purchase money, was disclosed by the petition, although duly summoned, did not answer the petition. A judgment was rendered directing a sale of the land on the 6th day of May, 1863; and the sales having been made, a report thereof was confirmed on the 4th of November, 1863, and so much of the proceeds of the lands as were necessary to discharge the liens thereon for purchase money, having been directed to be paid by a judgment rendered April 29th, 1864, final judgment was rendered on the 28th of October, 1865, directing distribution of the residue of the estate, including the balance of the proceeds of the land, amongst the general creditors

of the estate ; and these orders and judgments are before us for revision on this appeal, so far as they affect the rights of Mrs. Merriwether.

As she was before the court when the judgment of sale was rendered, and interposed no objection to it, it seems to us she is concluded from demanding an assignment of dower in the land itself, but must accept out of its proceeds an equitable compensation for her rights of dower.

But it is insisted for the appellees—1st. That the failure of Mrs. Merriwether to assert her rights of dower, and by proper answer to resist the sales to the extent of her interest in the real estate, or the application of its proceeds to the payment of the debts of the estate, was such an acquiescence in the action of the court as operated to estop her from disturbing the final judgment; and 2d. That more than three years having elapsed since the confirmation of the report of sale before this appeal was taken, the appellant's right to prosecute it is barred by limitation.

Both objections are, in our opinion, untenable.

1. We do not think that the mere failure of the appellant to answer the petition justifies the inference that the sale of her dower interest, much less the diversion from her of its proceeds, was sanctioned or approved by her; but as her right of dower was disclosed by the petition, the fair presumption is, that, so far from intending to waive her interest in the property, she relied on the court for its protection.

As the appellant had no agency in procuring the unauthorized and erroneous action of the court, we know of no rule of estoppel by which she is concluded, further than to abide by the sales and conveyances to the

innocent purchasers, even if it can be said that the principle which protects them is in the nature of an estoppel.

2. The statute limiting the time within which appeals may be prosecuted to this court is not pleaded, although relied upon in argument.  Moreover, three years had not elapsed from the date of the two judgments of distribution when this appeal was taken.

It appears from the record that the vendor's lien for the purchase price of the tract of land in Christian county entirely exhausted the sum for which it was sold, and therefore operated to extinguish the appellant's right of dower in that tract.

It further appears, that part of the proceeds of the tract of thirty-three acres of land in Todd county was properly applied to the extinguishment of a lien upon it.

On the return of the cause, the court will ascertain and adjudge to the appellant the value of her dower interest in the proceeds of the real estate in Todd county, after deducting from the price of the thirty-three acre tract the amount paid out of the same under the order of the court for the purchase money.

Wherefore, so far as said judgment of distribution affects the appellant's rights of dowry they are reversed, and the cause remanded for further proceedings consistent with this opinion.