CASE 72—ACTION BY A. WALLER AND OTHERS AGAINST SARAH P. BEVERLY INVOLVING DEFENDANT'S RIGHT OF DOWER IN HER DECEASED HUSBAND'S LAND.—MAY 20.

# Beverly v. Waller, &c.

APPEAL FROM HENDERSON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS. REVERSED.

DOWER—RES JUDICATA—MORTGAGE FORECLOSURE—EFFECT ON WIDOW'S DOWER—DEEDS—WIFE'S NAME OMITTED—SIGNED AND ACKNOWLEDGED—EFFECT.

Held: 1. Where the wife's name does not appear in the body of a mortgage, her signature and acknowledgment of the instrument are ineffectual to bar her right of dower.

2. Actions were instituted against plaintiff and her husband to foreclose mortgages executed by the husband, but not joined in by plaintiff. The petitions in such action made no mention of plaintiff's inchoate dower interest, but alleged, in substance, merely that plaintiff had no interest in the land under certain deeds of partition against the mortgages, except as wife, and that she was, as to them, a mere volunteer. Plaintiff defaulted in such action, and judgment of foreclosure and sale was entered, but without in any way mentioning plaintiff's inchoate dower right, or seeking to bar it. HELD, that such judgment did not preclude an action by plaintiff, on the death of her husband, to recover her dower interest in the premises sold.

BROWN & VANCE, FOR APPELLANT.

### PROPOSITIONS DISCUSSED.

1. A mortgage purporting a conveyance alone by a husband, signed and acknowledged by himself and wife, and certified by the clerk, but not stating what she intended to convey, is as insufficient as to the wife as though she had never signed it. Hall v. Ditto, 11 R., 667; Powell v. Monson, etc. Mfg. Co., 3 Mason (U S.), 347; Hatcher v. Andrews, 5 Bush, 565; Measels v. Martin, 13 S. W., 93 Ky., 50; Payne v. Parker, 25 Am. Dec., 221; Lufkin v. Curtis, 13 Mass., 223; Bruce v. Wood, 35 Am. Dec., 380; Catlin v. Ware, 6 Am. Dec., 56.

2. A former judgment is conclusive only as to facts directly and distinctly put in issue and the finding of which is necessary to uphold the judgment. Brown v. Ready, 13 Rep., 140; Kemper, etc. v. Miller, etc., 10 Rep., 241.

In a suit brought, during the life of a husband, to foreclose two mortgages; one, executed by the husband alone and the other purporting a conveyance by the husband alone, but signed and acknowledged by the husband and wife; the pleadings allege that said mortgages were executed by the husband, make no allegation of execution by the wife, nor ask any judgment against her or sale of her dower. The wife files no answer. A judgment foreclosing said mortgages in said suit will not be a bar to her right of dower in an action brought therefor, subsequent to the death of her husband, Freeman on Judgments, 4th ed., sec. 303; 2 Frost v. Koon, 39 N. Y., 444; Lewis v. Smith, 11 Barb., Ch., 318; Bank of Orleans v. Flagg, 3 Barb., Ch. 318; Elliott v. Pell, Q., p. 263; Lewis v. Smith, 9 N. Y., 503; 61 Am. Dec., 706; Merchants' Bank v. Thompson, 55 N. Y. Post, sec. 303a; Malloney v. Horan, 49 N. Y., 115; Am. Rep., 335; Erum v. Brady, 48 No., 560; Gay v. Stancell, 76 N. C., 369; Signon v. Haun, 86 N. C., 310.

M. C. & G. D. GIVENS, AND MONTGOMERY MERRITT, ATTORNEYS FOR A. WALLER.

### PROPOSITIONS DISCUSSED.

1. Judgments of all courts of competent jurisdiction are binding upon all the parties and privies until reversed or vacated, in the manner prescribed by law, though they be irregular or erroneous. Dupey v. Johnson, 1 Bibb, 565; Hampton v. Dudley, 1 J. J. M., 275; Cameron v. Bell, 2 Dana, 328; Venable v. McDonald, 4 Dana, 336; Kaye v. Kean, 18 B. M., 847; Spalding v. Wathen, 7 Bush. 665; Dawson v. Litsey, 10 Bush, 412; Clark v. Rodes, 12 Bush, 16; Nat. Bank Monticello v. Bryant, 13 Bush, 419; Davis v. McCorkle, 14 Bush, 746.

2. The judgment of a court of competent jurisdiction is conclusive, not only of all matters determined by it, but of all incidental matters which might and ought properly to have been asserted and decided. Talbot v. Todd, 5 Dana, 194; Ligon v. Triplett, 12 B. M., 283; Harpending's Exrs. v. Wylie, 13 Bush, 158, Homes, 600; Snapp v. Snapp, 87 Ky., 554; Homestead; Hill, &c. v. Lancaster, &c., 88 Ky., 343.

3. This case is within the rule announced in Merriweather v. Sebree, 2 Bush. 233.

In an action to foreclose a mortgage lien on land, the wife being before the court and her inchoate right of dower being

disclosed by the petition, if she allows a judgment of sale to be rendered without objection she is concluded from afterwards demanding assignment of dower in the land itself, but must look to the proceeds of sale for an equitable compensation for her inchoate right of dower.

S. V. DIXON, ATTORNEY FOR MILTON YOUNG AND LULA AND CLARENCE FAULKNER.

YEAMAN & YEAMAN, OF COUNSEL.

Appellant insists that the judgment of Posey against Beverly, was, as to Mrs. Beverly's dower in the land, absolutely void. It is our contention that while it may have been erroneous and voidable, it is not void, and the parties are bound by it until it is reversed or modified as required by law.

At common law the contract of a married woman was void, and a judgment on such a contract was also void, though she be served with process. The courts have always taken judicial knowledge that at the common law the contracts of married women were void, and therefore she need not appear and plead to a suit on a common law contract, though served with process. Not so, however, as to the releasing of dower. They take judicial notice that she can release dower. Therefore, if a pleading raise the question of a release of dower, she must appear and plead as other litigants whose rights are involved. She is as completely bound as any other party. Coverture does not excuse her from pleading about matters about which she may lawfully contract. Hart v. Grigsby, 14 Bush, 554; Mann v. Martin, 14 Bush, 763.

See brief of attorneys for Waller for additional authorities.

### ON PETITION FOR REHEARING.

#### POINTS DISCUSSED AND AUTHORITIES CITED.

1. Is appellant's inchoate right to dower in the land in controversy barred by the judgment rendered, enforcing the mortgage liens of Posey and White to which action she was a party and before the court? Lancaster v. Lancaster's Trustee, 78 Ky., p. 198; Cummins and Others v. Forrest, 5 Ky. Law Rep., p. 858; Connolly v. Brantsler, 3 Bush, p. 702; Merger of the lesser into the greater estate. No authorities cited; none thought necessary.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING.

On the 15th day of February, 1868, R. G. Beverly and L. W. Powell were the joint owners of a large tract of land in Henderson county, Ky. On that day Beverly mortgaged

his undivided interest in the land to James White to secure
the repayment of $2,000 in gold. His wife, the appellant,
Sarah P. Beverly, did not sign this mortgage, nor is her
name in any way mentioned therein. On the 17th day of
July, 1870, R. G. Beverly mortgaged his interest in the land
to Thomas Posey to secure to Posey what he owed him as
guardian, and also for the purpose, as recited in the mort-
gage, of indemnifying W. B. Woodruff and George A. Sugg
from liability upon his bond as guardian of Thomas Posey.
Appellant's name nowhere appears in the body of this sec-
ond mortgage, but she signed and acknowledged it before
the clerk of the Henderson county court. On the 16th day
of December, 1870, L. W. Powell having died, his heirs en-
tered into deeds of partition with R. G. Beverly of the lands
jointly owned by them and him, whereby they conveyed to
him and to his wife, Sarah P. Beverly, one-half of the lands
jointly owned. Afterwards Thomas Posey instituted an
action in the Henderson circuit court for enforcement of
his mortgage lien, making R. G. Beverly and appellant and
James White defendants. All were served with process.
White answered, setting up his mortgage, and making his
answer a cross-petition against Beverly and wife, and prayed
for an enforcement of his lien. Both Beverly and appellant
were served with process in this cross-action. In neither
the original nor the cross-petition was any mention made
of the inchoate dower interest of appellant. In both of
these pleadings it is alleged, in substance, that, while in
the deed of partition from Powell's heirs the land was con-
veyed to R. G. Beverly and Sarah P. Beverly, his wife,
jointly, yet, as against the mortgagees, the wife had no
interest save as the wife of R. G. Beverly, and, as to them,
she was a mere volunteer. Appellant made no answer to
these actions, but permitted judgment to go by default.

The judgment enforcing the lien of the plaintiff and cross-plaintiff upon the land involved in the action does not mention the inchoate dower right of appellant, or in any way seek to sell or bar it. Under this judgment, the mortgaged land was sold by the commissioner of the court, and purchased by Milton Young and J. W. Buckmann, to whom it was conveyed by commissioner's deed, and from whom it has successively devolved by conveyance to the present owners, the appellees in this action. In 1902, R. G. Beverly died, and his widow, the appellant, Sarah P. Beverly, thereupon instituted this action against the appellees, the owners of the land, to recover of them the value of her now vested dower interest therein. The judgment enforcing the mortgages of Posey and White having been pleaded as a bar to appellant's action for dower, she demurred to the plea, and, this having been overruled by the court, she declined to plead further; whereupon her petition was dismissed, and she has appealed.

The one question for adjudication on this appeal is whether or not appellant's inchoate right of dower in the land was barred by the judgment rendered enforcing the mortgage liens of Posey and White. Although appellant signed and acknowledged the mortgage to Posey, as her name does not appear in the body of that instrument, she stood toward it as if she had not signed. In the case of Hatcher and Wife v. Andrews, 5 Bush, 561, this court said: "The deed of Geiger to Elba Holden of the two town lots, and through which the title of these vendees is derived, purports a conveyance alone by the husband; but Annie, his wife, signed the deed and acknowledged it, together with her husband, before the county clerk, who certified it, without stating what she intended to convey. . . . The deed from Geiger purports no conveyance of anything from his wife, nor

even that she was a party to it.  Therefore it is as wholly
insufficient as to her as though she had never signed it.
Holden is the sole grantor in his deed, and, though the wife
signed with him the attesting clause of the deed, yet it
does not purport, by apt language, to convey any interest
on her part, and is wholly insufficient to bar her of a dower
right."  Appellees contend that, although appellant's in-
choate right of dower was not barred or disposed of in any
way by the mortgages, yet, because she was made a de-
fendant, and properly summoned in the action enforcing
the liens, and allowed judgment to go by default, she is
barred by that judgment from setting up any claim to dower
against the land sold in the action.  It is true that, as a
general proposition, a judgment against a defendant who
has been duly summoned is *res adjudicata* as to all defenses
which either were or might have been set up as a bar to the
cause of action set forth in the petition.  The cases cited
by appellant come within this principle.  The case of Har-
pending's Executor v. Wylie, 76 Ky., 160, was an action to
foreclose a mortgage which had been executed by a hus-
band and wife.  Judgment by default was rendered, and the
property directed to be sold to satisfy the debt.  After the
death of the husband, a rule having been awarded against
the widow and heirs to show cause why judgment should
not be revived, the widow responded that at the time of
the execution of the mortgage her husband was a *bona fide*
housekeeper with a family; that he then resided with his
family on the mortgaged premises, and continued to reside
thereon up to his death, and that the family was still re-
siding thereon; that she had not mortgaged, conveyed, re-
linquished, released or in any way disposed of the right
of herself and infant children to a homestead, and they
asked that a homestead be allotted to them in the property.

This court held on appeal that the original judgment necessarily passed upon the validity of the mortgage given by the husband and wife, and that question became *res adjudicata;* that the wife derived her claim to the homestead through the husband, and not from the statute, and, inasmuch as his right of homestead had been adjudged adversely to him in the suit to foreclose the mortgage, he thereby lost it, and at the time of his death he had no homestead in the property  It is clear that, if the husband had a homestead right in the mortgaged premises, it was a defense to the action against him, at least to the extent of $1,000, and, being defendant, he was required by the rule either to set it up or be barred by the judgment in default. The case of Hill v. Lancaster, 88 Ky., 338, 10 R., 954, 11 S. W., 74, is to the same effect. Lancaster joined issue upon the merits of an action brought against him to subject his land to the payment of his debts, without claiming a homestead therein. Upon the issue joined the chancellor decided adversely to him, and rendered a judgment subjecting his entire interest in the real estate to the payment of his debts. At a subsequent term he sought to file a petition in the nature of an answer, setting up his right to a homestead, but the court said that, while it was a fact that, as against his creditors, he was entitled to a homestead in the land, he had defended the claim upon its merits, and failed to set up his homestead right, which would have been a complete bar to the action if the real estate was not worth more than $1,000, and, if more than $1,000, then a bar to the extent of $1,000. Not having set up this defense, after judgment the question of homestead was *res adjudicata.* The same principle is established in the cases of Ligon v. Triplett, 12 B. Mon., 283, and Talbott v. Todd, 5 Dana, 190.

But these cases are not applicable to the principle here

involved. The appellant, at the time she was summoned, had only an inchoate right of dower, which might never become vested. If she had set it up in the case, it would not have barred the action of the plaintiff and cross-plaintiff. They would have been entitled to precisely the same judgment, so far as the sale of the land was concerned, whether her inchoate right of dower was pleaded or not. Van Fleet, in his work on Former Adjudication, section 191, lays down the rule as follows: "In a suit to foreclose a mortgage signed by the husband alone the wife was made a party, and the petition alleged that she had an interest in the mortgaged premises, without making any specific reference to dower, and asked that she set out her interest, and prayed for general relief. Other subsequent incumbrances were also made parties. A general decree by default barring all the defendants, but not in terms barring her dower nor mentioning her name, does not foreclose her dower rights"—citing Parmenter v. Binkley, 28 Ohio St., 32. "And in a similar case in Iowa, in which a wife did not join in a mortgage, which made it subject to her right of dower, its foreclosure by default, after her husband's death, in a case in which she is simply made a party without mentioning her dower, does not bar it. The court said that, if she had joined in the mortgage, or her right to dower had been put in issue, it would have been barred"—citing Moomey v. Maas, 22 Iowa, 380, 92 Am. Dec., 395. "So, a bill having been filed in New York to foreclose a mortgage against the widow, which she had not signed, and it being alleged that she was a devisee and executrix and also the widow of the mortgagor, and that she claimed some interest in the mortgaged premises as subsequent purchaser, incumbrancer, or otherwise, it was held that a decree of foreclosure *pro confesso* did not bar her dower"—citing

Lewis v. Smith, 11 Barb., 152. In Freeman on Judgments, section 305a, it is said: "It seems that, in order to conclude the wife's right of dower, it must in all cases be necessarily and specifically put in issue whether the proceeding be to foreclose a mortgage to which the wife was not a party, or to enforce any other claim to which her right of dower was paramount"—citing Malloney v. Horan, 49 N. Y., 115, 10 Am. Rep., 335. In the case of Malloney v. Horan, above cited, the court, in discussing a principle similar to the one herein, said: "She is bound by the judgment, whatever may be its legitimate effect. The judgment is final and conclusive upon her as to all matters put in issue and litigated in the action. But, as stated above, the matter of her inchoate right of dower was not put in issue and litigated therein. . . . The plaintiff in this action might have raised in that action the question that she had a right of dower, as yet inchoate, but which might become complete; and might have asked that, if it should be found to exist, the judgment should make provision therefor. But was she bound to do so? This would not have been matter in direct opposition to the action in defense to the claim made by plaintiffs therein. It would have been a *quasi* admission of the cause of action set up, and a seeking for relief in the judgment which must follow. And when the authorities say that a judgment is final and conclusive upon the parties to it as to all matters which might have been litigated and decided in the action, the expression must be limited as applicable to such matters only as might have been used as a defense in that action as against an adverse claim therein, and such matters as if now considered would involve an inquiry into the merits of the former judgment. The existence of an inchoate right of dower in the plaintiff would not have been a defense to the action of the receiver

for a sale of the premises and a satisfaction from the avails of the sale of the judgment debt which he represented. It could not, if pleaded and shown, have prevented a judgment substantially that which was rendered. The most which could have been effected would have been to have secured in the judgment an auxiliary provision recognizing and protecting the contingent right. And again, it was a right pre-existent the claims and defenses there litigated, and paramount to any right of the plaintiff in that action there sought to be enforced. . . . We are of the opinion that the plaintiff is not estopped by the record in the action brought by the receiver."

So, in this case, the wife might have set up her inchoate dower in the action to foreclose the mortgages, but this would not have been matter in direct opposition to the cause of action made by the plaintiffs therein. Her dower right, if pleaded and shown, could not have prevented a judgment substantially the same as that which was rendered. When appellant was served with summons, if she examined the petition and cross-petition, she found that, so far as she was concerned, the only allegations of the pleadings were with reference to the questions of her taking a beneficial interest under the deed of partition from Powell's heirs to her husband and herself. These allegations were that, as to the plaintiff and cross-plaintiff, she was a mere volunteer, and had no interest in the land, save as wife of R. G. Beverly. It must have been evident to her that the only remedy which was sought against her was the denial of her ownership of a beneficial interest in the land. Her inchoate right of dower was as clearly recognized in the pleadings as her beneficial interest under the deed of partition was denied. If appellant had any claim to a vested interest under the deed of partition, it would

have constituted a defense to the causes of action set up in the pleadings against her, and, as she failed to set up such interest, she was concluded by the judgment rendered. Not so as to her inchoate right of dower. That was clearly recognized, but no pretense was made by the plaintiff and cross-plaintiff that their liens on the land were paramount to her dower; and the very fact that they, with their attention directed to the interest of appellant in the land, set up an adverse claim as to her beneficial interest under the deed of partition, and were silent as to any claim of superiority over her dower right, warranted her in concluding that no claim adverse to her dower interest was sought in the pleadings against her. It was obvious that her claim for dower was paramount to the liens sought to be enforced, and it is not lightly to be concluded that the judge who decided the case committed so plain an error as to adjudge the liens in the mortgage superior to her dower right, unless the language used was such as to forbid an opposite conclusion.

We do not think the case of Merriwether v. Sebree, 2 Bush, 232, is applicable to the case at bar. In that case the widow's dower had become vested by the death of her husband, and was inferior to the liens upon the land involved for the unpaid purchase money. The estate of her husband was insolvent, and the holders of the vendors' liens were entitled to have the land sold free of any claim of dower as against them. The widow was not entitled on the merits of the case to anything but to have her dower assigned to her out of the proceeds of the sale of the land, after the payment of the vendors' liens, and this is what was adjudged to her in the case by this court. Mrs. Merriwether had no interest in the land sought to be subjected to the payment of the debts of her husband, except that

of dower, and when she was summoned to answer in the case to settle her husband's estate she was bound to know that the administrator of her husband was seeking to sell the land free from her right of dower. There was no other reason for her being made a party to the action. Not so in the case at bar. Mrs. Beverly was made a party to the action of Posey and White against her husband for the declared purpose of defeating her claim to a beneficial interest in the land under the deed of partition of Powell's heirs, and, this being the only purpose appearing for making her a party, she was called on to answer the cause of action set up in the pleadings, and not one which might have been set up against her.

Wherefore, the judgment is reversed, with directions to sustain appellant's demurrer to so much of the answers of appellees as set up the judgment in the case of Posey and White against her husband as a bar to her claim for dower in the land involved in this litigation, and for other proceedings consistent with this opinion.