### Hopper's Administrator v. Hopper, et al.

(Decided November 2, 1916.)

Appeal from Calloway Circuit Court.

1. Husband and Wife—Joint Deed of Husband and Wife.—Section 506 of the Kentucky Statutes provides that land of a wife may be conveyed by the joint deed of the husband and wife, and where the wife sought to convey her land in a deed in which the husband was not named as a grantor, but in the body of the deed there was a recital that the husband joined for the purpose of relinquishing his homestead and dower rights, and both husband and wife signed and acknowledged the deed, this was a joint deed in the meaning of the statute.

2. Husband and Wife—Joint Deed of Husband and Wife.—Where the name of the husband did not appear in a deed made by the wife conveying her land, but he signed and acknowledged the deed in conjunction with his wife, this will not be a joint deed in the meaning of the statute.

COLEMAN & WELLS, E. P. PHILLIPS and WELLS & KEYS for appellant.

THOMAS P. COOK and COOK & THOMPSON for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In a suit to settle the estate of Mrs. Phoeba Hopper the Bank of Hazel presented a claim that was secured by a mortgage on land owned in her own right by Mrs. Hopper. The lower court adjudged that the bank took no

lien by virtue of this mortgage because P. D. Hopper, the husband of Mrs. Hopper, did not join with her in its execution, nor had he theretofore conveyed his interest in the land. And the only question in the case is the correctness of the ruling of the court. The mortgage reads as follows:

"Whereas; I, Phoeba A. Hopper, of Hazel, Calloway County, Kentucky, R. F. D. No. 2, am indebted to the bank of Hazel, a corporation of Hazel, Calloway County, Kentucky, in the sum of four hundred and ninety-six and 74/100 dollars evidenced by two promissory notes of this date. . . . .

"Now in order to secure said Bank of Hazel in the payment of said sums together with all interest and cost which may accrue thereon, I hereby bargain, sell and mortgage unto the said Bank of Hazel or their representatives or assigns the following described property lying and being in Calloway County, Kentucky, to-wit: . . . .

"P. D. Hopper, husband of Phoeba A. Hopper, joins in this mortgage, relinquishing all rights to homestead or dower therein. This mortgage is subject to life right of Mrs. O. C. Nance and there is no other incumbrance.

"To have and to hold unto the said Bank of Hazel, its representatives or assigns until said sum is fully paid, then this mortgage to be null and void, otherwise to remain in full force and effect.

"Given under our hands this the third of August, 1911. Phoeba A. Hopper (her mark), P. D. Hopper. Witness, Norman Chrisman.

"State of Kentucky, County of Calloway, Sct. I, R. H. Falwell, Clerk of the County Court for the County aforesaid do certify that the foregoing mortgage from Phoeba Hopper to Bank of Hazel was this day acknowledged before me by Phoeba A. Hopper and husband, P. D. Hopper, to be their act and deed. All of which is hereby certified to the proper office for record. Given under my hand this August the third, 1911." . . . . .

The validity of this paper as a mortgage is to be tested by section 506 of the Kentucky Statutes providing how a married woman may convey her property. This section reads, in part, as follows: "The conveyance may be by the joint deed of husband and wife, or by separate instrument; but in the latter case the husband must first convey, or have theretofore conveyed."

It will be observed that under this statute the conveyance may be by the joint deed of husband and wife, and so the precise question involved in this case is, shall this mortgage be treated as the joint deed of Mrs. Hopper and her husband?

In the granting clause of the deed the name of the husband is not mentioned. The conveyance purports to be and is made by the wife alone, but following the description of the estate conveyed, the husband, by name, joined in the conveyance for the purpose of relinquishing his right to homestead or dower, and also signed and acknowledged it in conjunction with his wife.

It was held in Hedger v. Ward, 15 B. Mon., 106; Hatcher v. Andrews, 5 Bush, 561; Weber v. Tanner, 23 Ky. L. R. 1107; Beverly v. Waller, 115 Ky. 596; Elliott v. Scoville, 144 Ky. 584; Hellard v. Rockcastle Mining Co., 153 Ky. 259, and Parsons v. Justice, 163 Ky. 737, that the mere signing and acknowledging by the husband of a deed made by the wife conveying her land, in which deed the husband's name was not mentioned as a grantor, and did not appear in the body of the deed, was not sufficient to pass the husband's interest in the land, and also that a deed by the husband, although signed and acknowledged by the wife, in which she did not join as a grantor, and in the body of which her name was not mentioned, would not be sufficient to pass the interest of the wife in the husband's estate. These opinions were put upon the ground that as the statute declares the conveyance must be by the joint deed of husband and wife, the mere fact that the husband, or wife as the case may be, signed and acknowledged the deed, was not sufficient to constitute it a joint deed in the meaning of the statute.

But in the case we have it will be observed that the husband not only signed and acknowledged the deed but in the body of the deed he joined with his wife for the purpose of relinquishing whatever interest he might have in the land as the husband of his wife, and we think that this recital in the deed constituted such a joinder by the husband as was contemplated by the statute. If the name of the husband, P. D. Hopper, had been inserted in the deed in the preamble, and the word "we" had been substituted for the word "I" in the granting clause, as is the usual form, the effect of the deed, when signed and acknowledged by the husband and wife, would have been to divest both of them of all title and interest in

the land, but not more so than does the conveyance before us, because Hopper, by the recital in the conveyance that he joined in it for the purpose of relinquishing all his right to homestead or dower, conveyed to the grantee as effectually as could be done all his interest in the estate conveyed. There is quite a difference between the effect of the husband merely signing and acknowledging a paper and the effect of inserting his name in the body of the paper in connection with a clause by which he surrenders all interest in the property conveyed. For example, in the case we have if P. D. Hopper, the husband, had merely signed and acknowledged the paper, he would not by anything contained in the paper, have surrendered any right or interest he might have in the land, as his mere signature and acknowledgment could not have this effect under the statute. But when he joined in the body of the paper as a grantor and expressly surrendered all right, title and interest in the land, the conveyance then became for every practical purpose the joint deed of the husband and wife.

As said in Phillips v. Hoskins, 128 Ky. 371, "The purpose of the statute in requiring that the husband must join in the conveyance of the wife's land is not only to protect the husband in his rights, but to protect the wife by giving her the counsel and guidance of her husband;" and clearly this purpose was fully subserved in the mortgage before us. The husband knew by the terms of the mortgage the nature and contents of the paper that he signed and acknowledged, and he also knew its effect upon his rights as well as upon the rights of his wife.

We think the paper sufficiently complied with the provisions of the statute, and therefore the judgment is reversed, with directions to proceed in conformity with this opinion.