## BOWLING et al. v. WILKERSON et al.
### No. 264.

District Court, W. D. Kentucky, Bowling Green Division.

May 27, 1937.

C. Vernon Hines, of Nashville, Tenn., and N. B. Pritchett and John L. Stout, both of Bowling Green, Ky., for plaintiffs.

Rodes & Willock and Laurence B. Finn, all of Bowling Green, Ky., for defendants.

HAMILTON, District Judge.

Mary J. Vallandingham, by deed dated July 13, 1892, conveyed to her daughter, Mary Vallandingham Richards, a piece of real estate in the town of Franklin, Ky., which deed was as follows:

"This deed of conveyance executed by and between Mary J. Vallandingham of Franklin, Ky., grantor of the first part, and Mary Vallandingham Richards of Russellville, Ky., grantee of the second part, Witnesseth: that for and in consideration of the love and affection I bear to my daughter Mary V. Richards, I do hereby give and convey to her the following described real estate, viz: One Store House of brick on the lot of ground on which it is built in Franklin, Ky. and now occupied as a Store by Whitesides & Baird and fronting on the East Side of the public square and Main Street, together with my interest and right in and to the South Wall of said building bounded by the Mitchell Drug Store (owned by I. H. Goodnight) on the North and on the South by Mrs. Fannie Fisher and W. H. Bryan and running back from Main Street East to the West Edge of an alley and being the same property bought by me of D. H. Neely and wife, To have and to hold to her and her heirs in fee simple forever but subject to these express conditions. 1st. If my said daughter shall die bearing no offspring surviving her then the said property shall revert back to my blood kindred entitled to inherit from me under the Laws of Kentucky, provided however, that if she leaves no offspring, but leaves a surviving husband, then such surviving husband shall have the use and rents of said property during his life but it is further understood and stipulated that I retained the right to rent out the property and use the rents during my life or any part of my life, if I choose to do so.

"I covenant to forever warrant the title to my said daughter and her heirs in fee simple, subject to said conditions. It is

further understood and agreed that the said Mary V. Richards shall not be precluded during my life from selling said property and reinvesting the proceeds in other property, or exchanging said property for other property, but this right shall not be exercised without my written assent or approval nor shall said property be encumbered or mortgaged during my life without my written assent. A. C. Vallandingham my husband, herein and hereby consents to this conveyance and unites with me in the same, July 13, 1892.

"A. C. Vallandingham [Seal]

"M. J. Vallandingham [Seal]"

The deed was acknowledged by Mrs. Vallandingham and her husband before the county clerk of Simpson county, Ky., and duly recorded in his office.

Mary V. Richards died, leaving her husband surviving, but no children, and he died in 1925. The nearest of kin of Mary Vallandingham are the plaintiffs in this action and defendant Annie Herrington.

The defendants Mrs. Annie Herrington and her son, Allen Wilkerson, have been in possession of the property covered by the deed above mentioned for many years, and since 1925 have enjoyed all of its uses. The plaintiffs seek to recover their interest in the property and damages for the detention thereof in the sum of $6,000.

The defendants have answered, pleading the statute of limitations, and also alleging that the deed on which the plaintiffs rely is void and of no effect because the husband of Mary J. Vallandingham did not join in the deed in the form and manner required under section 506 of the Kentucky Statutes, which provides:

"*Married women; conveyance by; how executed.*—The conveyance may be by the joint deed of husband and wife, or by separate instrument; but in the latter case the husband must first convey, or have theretofore conveyed. The deed as to both husband and wife may be acknowledged or proven and recorded as heretofore, or by this act, provided."

The plaintiffs have demurred to paragraph 2 of the answer, pleading the statute, and the case is now submitted thereon. The plea of limitation is of no avail if the deed involved is valid.

Under statutes requiring a husband to join in the deed of his wife conveying her real estate, or authorizing husband and wife to convey her real estate by their joint deed, the view is taken in some jurisdictions that the husband must in some way be named in the deed as a cograntor and that his merely signing and acknowledging it, together with his wife, is not compliance with the statute.

Other jurisdictions take the view that the husband signing and acknowledging is a substantial compliance with the statute. In still other jurisdictions, the courts have held that, though a deed by a married woman signed and acknowledged by her husband without his name appearing as grantor is ineffectual under the statute, it is an attempted conveyance and equity would give effect to the instrument as a contract to convey and compel specific performance.

The Kentucky Court of Appeals, without exception, has ruled that the mere signing of a deed and its acknowledgment by the husband is insufficient under the statute. Franklin County v. Bailey, 250 Ky. 528, 63 S.W.(2d) 622; Brown v. Allen, 204 Ky. 76, 263 S.W. 717; Shively v. Elkhorn Coal Corporation, 217 Ky. 192, 289 S.W. 262; Duncan v. Jenkins, 215 Ky. 543, 286 S.W. 783; Weber v. Tanner, 64 S.W. 741, 23 Ky.Law Rep. 1107; Newby v. Cox, 81 Ky. 58; Beverly v. Waller, 115 Ky. 596, 74 S.W. 264, 103 Am.St.Rep. 342; Mays v. Pelly (Ky.) 125 S.W. 713; Potter v. Stanley, 187 Ky. 292, 219 S.W. 167; Hellard v. Rockcastle Mining Co., 153 Ky. 259, 260, 154 S.W. 401; Farley v. Stacey, 177 Ky. 109, 197 S.W. 636, 1 A.L.R. 1181.

In the case of Hopper's Administrator v. Hopper et al., 172 Ky. 72, 188 S.W. 1069, suit was filed to settle the estate of Mrs. Phoeba Hopper, and the Bank of Hazel presented a claim, secured by a mortgage on land owned in her own right. The lower court held that the bank took no lien by virtue of this mortgage because P. D. Hopper, the husband, did not join with her in its execution, nor had he theretofore conveyed his interest in the land. The mortgage read:

"Whereas, I, Phœba A. Hopper, of Hazel, Calloway county, Kentucky, R. F. D. No. 2, am indebted to the Bank of Hazel, a corporation of Hazel, Calloway county, Kentucky, in the sum of four hundred ninety-six and 74/100 dollars evidenced by two promissory notes of this date. * * *

"Now in order to secure said Bank of Hazel in the payment of said sums together with all interest and cost which may accrue thereon, I hereby bargain, sell

and mortgage unto the said Bank of Hazel or their representatives or assigns the following described property lying and being in Calloway county, Kentucky, to wit: * * *

"P. D. Hopper, husband of Phœba A. Hopper joins in this mortgage relinquishing all rights to homestead or dower therein. This mortgage is subject to life right of Mrs. O. C. Nance and there is no other incumbrance.

"To have and to hold unto the said Bank of Hazel, its representatives or assigns until said sum is fully paid, then this mortgage to be null and void, otherwise to remain in full force and effect.

"Given under our hands this the third day of August, 1911. Phœba A. Hopper (her mark). P. D. Hopper. Witness: Norman Chrisman.

"State of Kentucky, County of Calloway, Sct.: I, R. H. Falwell, clerk of the county court for the county aforesaid do certify that the foregoing mortgage from Phœba Hopper to Bank of Hazel was this day acknowledged before me by Phœba A. Hopper and husband, P. D. Hopper, to be their act and deed. All of which is hereby certified to the proper office for record. Given under my hand this August the third, 1911."

The court, in holding this sufficiently complied with the statute, said:

"But in the case we have it will be observed that the husband, not only signed and acknowledged the deed, but in the body of the deed he joined with his wife for the purpose of relinquishing whatever interest he might have in the land as the husband of his wife, and we think that this recital in the deed constituted such a joinder by the husband as was contemplated by the statute. If the name of the husband, P. D. Hopper, had been inserted in the deed in the preamble, and the word 'we' had been substituted for the word 'I' in the granting clause, as is the usual form, the effect of the deed, when signed and acknowledged by the husband and wife, would have been to divest both of them of all title and interest in the land, but not more so than does the conveyance before us, because Hopper, by the recital in the conveyance that he joined in it for the purpose of relinquishing all his right to homestead or dower, conveyed to the grantee as effectually as could be done all his interest in the estate conveyed. There is quite a difference between the effect of the husband merely signing and acknowledging a paper and the effect of inserting his name in the body of the paper in connection with a clause by which he surrenders all interest in the property conveyed. For example, in the case we have, if P. D. Hopper, the husband, had merely signed and acknowledged the paper, he would not, by anything contained in the paper, have surrendered any right or interest he might have in the land, as his mere signature and acknowledgment could not have this effect under the statute. But when he joined in the body of the paper as a grantor and expressly surrendered all right, title, and interest in the land, the conveyance then became for every practical purpose the joint deed of the husband and wife."

The decision of the question here must be controlled by the rights of the parties under the local law. The last cited and quoted case is very similar to the one at bar, and, while it does not cover the precise question here under consideration, I am of the opinion that under the principle announced therein the deed in question is not void.

If there were no local law on the subject, my conclusion would nevertheless be that the deed was a sufficient compliance with the statute. At common law, a deed was defined to be a writing sealed and delivered by the parties. Coke Litt. 171, 2 Bl. Com. 295. Coke also in his writing on the subject divided a deed into eight formal parts. 1 Coke Litt. 6A. Signing was not necessary to its validity, sealing and delivery being sufficient. In 2 Bl.Com. 307, it is said the seal might be made by "a stick or any such like thing which doth make a print"; and in one of the Charters of Edward the Third, it was said, "and in witness that it was sooth, he hit the wax with his fore tooth."

Because of widespread illiteracy, it was of prime importance in the early days of the common law for the names of the grantors to appear in the body of the deed. If the instrument was without signature and executed with a seal indented by the prick of a pin or the imprint of a tooth, the deed could not disclose the identity of the grantor except by mention of his name in the grant. Illiteracy is now rare, and the reason for particularity in putting the name of the grantor in the body of the deed has disappeared, and we

follow the more sensible rule of construing the whole instrument together without separating it into eight different parts. The cardinal rule of interpretation is what was the intention of the parties as indicated by the language used.

There was written into the body of the deed in the case under consideration: "A. C. Vallandingham, my husband, herein and hereby consents to this conveyance and unites with me in the same."

He signed and acknowledged the deed. Webster defines "unite," "to join in an act; to concur; to act in concert." When the husband of the grantor stated he united with his wife in the deed, he in effect did more than give his consent to her act; he became a party with her to it and conveyed whatever interest he had in the property by reason of his relationship to the grantor. Any other construction would be to ignore an important part of the deed. See Lowery v. Westheimer, 58 Okl. 560, 160 P. 496.

The demurrer to the second paragraph is sustained.