CASE 27—PETITION EQUITY—JUNE 25.

## Pulliam, &c., vs. Jennings.

APPEAL FROM GARRARD CIRCUIT COURT.

The occupant, having occupied a tract of land for about seven years, and improved it in good faith, believing it to be his own property, being evicted by a superior title, he is, in equity, entitled to the ameliorations so far as his labor and money, expended in good faith, have enhanced the value of the land, to be estimated at the time of eviction; and he is liable for the use of the land as unimproved by him, and also annual interest on that value.

R. M. & WM. O. BRADLEY,                    For Appellants,
                    CITED—
2 *Duvall*, 490 ; *Anderson vs. Sutton, &c.*

M. H. OWSLEY,                              For Appellees.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellants having recovered a judgment against the appellee for a fraction over five acres of land, which he had occupied and improved for about seven years, in good faith, believing it to be his own unquestionable property, he is, in equity, entitled to the ameliorations which they, have no equitable right to

enjoy without retribution, so far as his labor and money, expended *bona fide*, have enhanced the value of the land.

This principle is too familiar and well settled by authority to require elaborate illustration. The circuit court, recognizing the application of this principle to the facts of this case, yet charged the appellee with annual rent, and interest thereon, and charged the appellants with the *cost* of the improvements *and* interest; and, on a commissioner's report, made on that basis, adjudged in his favor a balance of sixty-two dollars and ninety-eight cents.

The true rule of assessment has not been followed.

The appellee is only entitled to the accessory value of the improvements estimated at the time of *eviction*, and, consequently, he is not entitled to cost or antecedent interest. And the appellants are not entitled to rents on improvements made by him for making the use of the land more profitable; but their rents must be graduated by the value of the use of the land as unimproved by him, and also annual interest on that value.

What would be the result of estimates made according to that reciprocal rule this court cannot ascertain from the present record, and, consequently, vexatious as it *may* unfortunately be to the parties in so small a case, an approximation to justice with judicial certainty requires a reversal of the judgment, and a resubmission to the commissioner for adjustment of the rents and ameliorations according to the standard just defined.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings conformably with this opinion.