FANNY THOMPSON *vs.* ELIZABETH ANN CORRIE and JAMES CORRIE, her husband.

*Proceeding to have a Deed Set Aside—Failure of Proof of Fraud—Evidence of Non-Payment of Consideration in Deed—Inadmissibility of Parol Evidence of other kind of Consideration than that stated in Deed—Vendor's Lien.*

T. signed a deed for a house and lot, stated therein to be for a money consideration, to C., and afterwards filed a bill in equity to have the deed set aside on the ground of fraud and imposition in its obtention, which allegation was not sustained by the testimony taken. It was shown, that no money consideration was paid, but that there was an agreement in parol between the parties, that C. was to board and lodge T. in the house, and pay the taxes and other expenses on the property. HELD:

1st. That the deed having been executed by T. voluntarily and with knowledge of its contents, it could not be set aside; but that it not being competent for the parties to prove another kind of consideration than that stated in the deed, T. was entitled to recover the money consideration with interest thereon; and to a vendor's lien upon the property for the same.

2nd. That the bill should be retained to enable T. to assert this claim under the prayer for general relief.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY, IRVING and MAGRUDER, J.

*John Q. A. Jones,* for the appellant.

*E. C. Williams,* for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

On the 12th day of June 1878, the appellant executed and delivered to the appellees, a deed conveying to her daughter Mrs. Elizabeth A. Corrie in fee simple, a lot of ground with the improvements thereon, situated on the east side of South Calhoun street, in the City of Baltimore, particularly described in the deed.

The appellees entered into possession of the property, and have occupied it ever since.

On the 23rd day of October 1878, the appellant filed her bill of complaint, alleging in substance, "that the appellees proposed to her to enter into an agreement, of the following purport, that is to say, that your oratrix would suffer and permit her said daughter and her husband to reside in a house belonging to your oratrix in fee, situated on Calhoun street and known as No. 2 South Calhoun street, which was at the time furnished and occupied by your oratrix; for and during such time as might be mutually agreeable, without the payment of any money rent, to your oratrix, but that your oratrix should, in consideration thereof, board and lodge with her daughter and her husband in said house, during such time, her daughter and her husband in the meanwhile paying all taxes and other expenses of every kind on the property.  That shortly afterwards the appellees, requested her to sign a paper in the presence of a witness, which they informed her, contained the contract and agreement hereinbefore set forth, and which they desired to have in writing.

"That having and placing implicit reliance and confidence in her daughter and her husband, and in view of your oratrix's great age, which is sixty-eight years, she signed the said paper without reading the same or having the same read to her, and supposing at the same time that the paper contained nothing but the contract hereinbefore set forth reduced to writing.  That she resided in the

house with the appellees for a short time after signing the paper, then went on a visit to Ohio for a short time. That upon her return from said visit, on going to said house, she was, to her great surprise and astonishment, informed by the appellees, that the said house belonged absolutely to them.

"That being thus put upon inquiry, she has just discovered that the appellees perpetrated a gross fraud upon her, and that the paper which she signed, and which, at the time, was represented to her as containing the agreement aforesaid, was in fact an absolute deed in fee to said Elizabeth of said property."

The bill further alleges that "though the deed on its face, sets forth a moneyed consideration of one thousand dollars, the same is false and fraudulent, and that she did not in fact receive any consideration of any kind whatsoever therefor."

The prayers of the bill are "that a decree may be passed, declaring said deed fraudulent and void, that the appellees may be decreed to re-convey the property to her, and also to account for the use and occupation thereof, and for general relief."

The answer of the appellees denies the fraud charged in the bill; alleges that the appellant executed and delivered the deed with a full knowledge of its contents, and in the perfect possession of her faculties. That the deed was made voluntarily by the appellant, and that the consideration therefor, and the only contract and agreement was that the appellant should have a home with the appellees in the property, which they have been and are still willing to furnish to her; but that she has voluntarily left it without any sufficient cause.

A good deal of testimony was taken in the case which has been carefully read and considered. Without attempting to refer to it in detail, we shall state briefly the conclusions which we have reached.

The appellant has failed entirely in establishing the charge of fraud and imposition made in her bill of complaint. The evidence shows conclusively that the deed was executed by her voluntarily, with a full knowledge of its contents, the same having been prepared at her own suggestion, and read to her by the justice of the peace before she signed and acknowledged it. There is no testimony whatever tending to prove that at the time of the transaction, her mental capacity was impaired by age or by any other cause.

It follows that there is no ground whatever upon which the deed can be annulled or set aside; but the same must stand, and the rights of the parties must be determined according to its terms. In the absence of fraud or mistake, the parties are bound by the terms of the writing into which they have voluntarily entered. *McElderry vs. Shipley,* 2 *Md.,* 35.

The question then arises whether the appellant is entitled to any equitable relief.

The deed upon its face purports to have been made for the consideration of one thousand dollars. Nothing is better settled than that it is not competent for the parties to prove another consideration, different in kind from that stated in the paper. *Watkins vs. Stockett,* 6 *H. & J.,* 435; *Wesley vs. Thomas, Ib.,* 24, 28; *Cole vs. Albers, &c.,* 1 *Gill,* 423.

It follows that the testimony for that purpose offered by the appellees, and which has been excepted to by the appellant, must be rejected.

The authorities clearly establish the proposition that although the recital in the deed states that the money consideration therein named has been paid, it is competent to show by parol proof that the same has not been paid. *Woolen vs. Hillen,* 9 *Gill,* 185; *Bratt vs. Bratt's Adm'r,* 21 *Md.,* 578.

In this case the evidence clearly shows that no part of the consideration named in the deed has been paid to the appellant. She is therefore entitled to recover the same with interest thereon, and to a vendor's lien upon the property for the same, and the bill ought to be retained to enable her to assert this claim under the prayer for general relief.

To this end the decree of the Circuit Court will be reversed with costs, and the case will be remanded.

*Reversed and remanded.*

(Decided 21st July, 1881.)