### W. H. HAMILTON v. JAY KEGLEY.

Decided October 20, 1909.

**1.—Fundamental Error—Money Deposited in Court—Judgment.**

In the absence of an assignment of error, only errors which are fundamental and apparent from the face of the record will be considered; the failure of the judgment to give defendant credit for a sum tendered and paid into the registry of the court after suit brought, or to otherwise provide for the disposition of the deposit, is not such fundamental error.

**2.—Same—Disposition of Deposit.**

Where money tendered by defendant after suit brought by depositing it in the registry of the court was not credited to him or its disposition otherwise determined by the judgment, he was not prejudiced by such omission, since the deposit was thereby left subject to his control, and he might withdraw it and pay it on the judgment.

Error from the District Court of Bell County. Tried below before Hon. John M. Furman.

*Durrett & Pendleton,* for plaintiff in error.—The payment of $552.-28 was not controverted, and it was the duty of the court to deduct that amount from the amount shown to be due by the auditor's report and the answers of the jury, and render judgment for the balance. The undisputed facts show that the judgment is for $552.28 more than defendant owed plaintiff. The errors here asserted are errors of law, are fundamental, and are apparent from the face of the record, and will be considered by the court. Rev. Stats., art. 1014; Rule 23, Court Civ. App.; Harris v. Petty, 66 Texas, 514; Hahl v. Kellogg, 42 Texas Civ. App., 636; Adams v. Faircloth, 97 S. W., 507; Wilson v. Johnson, 94 Texas, 272; Harper v. Dodd, 30 Texas Civ. App., 287; Sterling v. Self, 30 Texas Civ. App., 284; Holloway Seed Co. v. Bank, 92 Texas, 187.

*J. F. Hair,* for defendant in error.

RICE, ASSOCIATE JUSTICE.—Kegley sued Hamilton for a balance claimed to be due him from Hamilton, arising out of a former part-

nership business conducted by them at Belton. There was a verdict and judgment in favor of Kegley for $699.41, to reverse which Hamilton sued out this writ of error.

While plaintiff in error complains of numerous rulings of the court, yet there was no assignment of errors filed in the lower court, as required by law, and therefore none is brought up in the record; hence we are not called upon to consider any error, except such as may be fundamental and apparent from the face of the record, which doctrine is admitted to be correct by counsel for plaintiff in error. See article 1018, Rev. Civ. Stats.; Dist. Ct. Rules 97 and 98; Rules for Sup. Ct., 22 and 23; Bopp v. Gauzer, 26 S. W., 444; Lewis v. Steiner, 84 Texas, 364; Durham v. Garrett, decided at the present term, not yet reported.

Plaintiff in error, however, contends that there is fundamental error apparent of record in this: That it is shown thereby that he had paid to defendant in error, pending the litigation, the sum of $552.28, with which he has not been credited. While this is not denied, yet Kegley testified that this amount, upon the filing of his amended petition, had been paid by him into the registry of the court and is still held there, and there is nothing controverting his statement. This being true, notwithstanding that the judgment of the court in Kegley's favor made no provision for the application of this money in payment of his judgment against Hamilton, yet there it nothing to prevent Hamilton from withdrawing this money and applying the same in satisfaction thereof, Kegley having lost all power and control over the same. It is true that the court might have provided for the application of the same in satisfaction, *pro tanto,* of the judgment rendered, but this does not prevent plaintiff in error's so applying it; and doubtless the court, if it becomes necessary, will order the same paid over to Hamilton for this purpose. In the absence of an assignment of error this failure on the part of the court to so provide does not, in our judgment, constitute such fundamental error as the authorities contemplate we should take notice of; and the judgment is therefore in all things affirmed.

*Affirmed.*