CASE 51.—SUIT BY MARY F. MADDOX AND ANOTHER
AGAINST MATTIE MADDOX AND OTHERS TO
SET ASIDE A DEED.—November 18, 1909.

## Maddox v. Maddox, &c.

Appeal from Ohio Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

From the judgment plaintiff appeals.—Reversed.

Deeds — Failure of Consideration — Support. — Grantors con-
veyed to their two sons their property, in consideration of
support and payment of $200 to another brother, which
payment was made. After supporting grantors for a time
one of the sons died, and the other was unable to support
them without the aid of the heirs of the other brother, who
were also unable to furnish any support. Held, that, as the
grantees could not comply with the covenants of the deed,
the deed should be set aside, on repayment to the grantees of
the money paid and expense of support.

J. P. SANDERFER and J. E. FOGLE for appellants.

GLENN & SIMMERMAN for appellees.

OPINION OF THE COURT BY JUDGE BARKER—Revers-
ing.

The appellants, J. L. R. Maddox and Mary F. Mad-
dox, his wife, are very old people, who live in Ohio
county, Ky. On the 30th day of July, 1900, they con-
veyed by deed to their two sons, Moses R. Maddox
and J. L. R. Maddox, Jr., a tract of land in Ohio
county, containing 243 acres, more or less, and which
is set out by metes and bounds in the petition. The
consideration for the conveyance was that the two

sons agreed and undertook, first, to pay W. P. Maddox, a brother, $200 for his interest in the land conveyed: and, second, that the grantees would support their father and mother during their declining years and decently bury them after their death.

It appears that the $200 was paid to the brother, and the sons undertook to, and did for a while, support their parents. One of the sons, J. L. R. Maddox, Jr., afterwards became insane and was sent to the asylum, where he has since died, leaving a wife and two children, who are the appellees. After the death of J. L. R. Maddox, Jr., this suit was instituted by the grantors to have the deed set aside and annulled for a failure of consideration—it being alleged that J. L. R. Maddox, Jr., was dead; that the infant defendants and their mother, Mattie F. Maddox, were unable to support the grantors or carry out the covenant made by the husband and father; that they were without means of any sort, and had abandoned the place, and done nothing towards the support or maintenance of the grantors for two years. The other son, Moses R. Maddox, in his pleading expressed a willingness to carry out the covenant in the deed so far as he is able, but alleges that he is unable to support his parents by himself without the aid of the other covenantor. He states that he is willing to pay his brother's children $450, and then take the whole land and carry out the covenant, and alleges that he has already paid to his brother, W. P. Maddox, the $200 stipulated in the deed from his father and mother. To the petition a general demurrer was interposed, and sustained by the court; and, the plaintiffs having declined to plead further, the petition was dismissed.

We are of the opinion that the court erred in sustaining the demurrer to the petition. So far as the

defendants were concerned, it appears that they are not able to carry out the covenant of their deceased father and husband. They cannot, therefore, have the land without paying the consideration, and the old people are clearly entitled to their land back, unless the grantees are able and willing to comply with the convenant to support and maintain them throughout their lives and bury them at their death. But, inasmuch as J. L. R. Maddox, Jr., has paid a part of the consideration for the conveyance, it would be inequitable that his wife and children should lose the whole of that for which he had in part paid. The court should have overruled the demurrer, and required the defendants to plead, and, if it appeared that they were unwilling or unable to perform the covenant of J. L. R. Maddox, then the case should have been referred to a commissioner for the purpose of ascertaining what proportion of the whole consideration the father had paid, either in money or service, to be credited of course by the value of the use of the land, if any, during the time the service was being rendered, and the balance so ascertained should be refunded to the widow and children of the dead grantee.

For these reasons the judgment is reversed, for further procedure in accordance with this opinion.