## Daniels v. France.

(Decided February 29, 1916.)

### Appeal from Pike Circuit Court.

1. Husband and Wife—Conveyance in Which Husband Does Not Join—Cancellation—Improvements.—Where a married woman made a deed conveying her land, in which her husband did not join, it is not binding upon her; and, she may have it cancelled upon equitable terms, by refunding the consideration for such improvements as may have been made upon her land by the purchaser, in good faith, and to the extent that the improvements have enhanced the vendible value of the property, not to exceed, however, the reasonable value of the improvements.

2. Husband and Wife—Conveyance in Which Husband Does Not Join—Improvements.—Where a married woman conveyed her land to her grandson, by a deed in which her husband did not unite, for the consideration that the grandson would support the grantor and her husband during their lives, and the grantee failed to perform his contract, he is not entitled to be reimbursed for improvements placed upon the land, or for past support of the grantor and her husband.

W. SCOTT WAITT and AUXIER, HARMON & FRANCIS for appellant.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Affirming.

The appellee, Nancy France, is the grandmother of the appellant, Lewis Daniels. By her deed dated November 21, 1898, Nancy France conveyed 84 acres of her land, in Pike county, to the appellant, Lewis Daniels, for the consideration that Daniels would support Nancy France and her husband as long as they lived.

Nancy France was then a married woman; but her husband, General France, did not join in her deed.

Daniels took possession of the land and held it until May, 1913, when Nancy filed this action, seeking to can-

cel the deed and regain possession of the land, upon the ground that she being a feme covert when she executed the deed, it was void because her husband did not unite with her therein, and also because Daniels had failed to comply with his covenant for the support of Nancy and her husband.

The answer traversed the petition, and alleged that upon the execution of the deed Daniels took possession of the land and erected valuable and lasting improvements thereon which greatly enhanced its value; that he built a frame dwelling of four rooms upon said land, at a cost of $600.00, in which Nancy and her husband resided with the appellant for a period of about seven years; that during that time he furnished her and her husband the necessaries of life, at an aggregate cost of $1,260.00, which when added to the improvements upon the land, made a total expenditure by him of $2,140.00.

The answer further alleged that Daniels was willing and had offered to maintain Nancy and her husband, and that she refused the offer. In the meantime General France had died.

The proof consists of the deposition of Nancy France upon one side, and the depositions of Lewis Daniels and Peter Daniels upon the other.

The circuit court granted the relief prayed, by cancelling the deed, and quieting the title of Nancy France to the land which was conveyed to Daniels; and from that judgment he appeals.

The proof shows that Daniels built a four-room frame house upon the land, at a cost of $600.00, and placed his grandmother and her husband therein, and lived with them for about seven years. It also shows that Daniels enclosed a portion of the farm with a wire fence, at a cost of between fifty and a hundred dollars; that he planted an orchard, which he says was worth $200.00 to him; and that he erected a store room, at a cost of about $100.00, and paid taxes which he claims aggregated $24.00.

Daniels kept a store for about three years, and during that time Nancy French carried a key to the store and obtained anything she wanted from the stock, for the purpose of maintaining herself and her husband. Daniels continued this support for a period of about seven years, at a cost of $15.00 per month, aggregating $1,260.00, thus making the total amount of $2,124.00 ex-

pended for their support and for the improvements on the land, according to Daniels' contention.

Daniels further testified that the land was worth only about $300.00 at the time it was conveyed to him, and that after he had improved it, it was worth $1,000.00 to him.

At the expiration of the seven years, Daniels left the farm and has since lived across the river, in West Virginia, a distance of not more than half a mile, from the land in question.

After Daniels moved from the farm, his support of his grandmother and her husband consisted only in his permitting them to use the farm and maintain themselves from its produce and rents, although it does not appear that it was ever rented during that time.

Appellant invokes the well established rule that where a married woman makes a deed conveying her land, in which her husband does not join, it is not binding upon her and she has the right to have it canceled; but, having received and used a large part of the consideration therefor, she will be permitted to cancel the deed only upon equitable terms. Hawkins v. Brown, 80 Ky., 186. It is insisted that in such a case the rule is, that a married woman will not be permitted to profit by her own act to the prejudice of a purchaser; and that she will be put upon terms to refund the consideration by paying for such necessary improvements as may have been made, in good faith. Heck v. Fisher, 78 Ky., 643; McDanell v. Landrum, 87 Ky., 409.

There are, however, at least two limitations upon this general rule, one being that the person making the improvements in good faith is not entitled to be reimbursed to the full extent of the cost of the improvements, but only to the extent that the improvements have enhanced the vendible value of the property, not to exceed the reasonable value of the improvements; and to secure the payment of which sum he will be allowed a lien upon the property. If the improvements do not enhance the vendible value of the property, the person putting them on the premises will not be allowed anything except the privilege of removing them, if it be practicable to do so. Thomas v. Thomas, 16 B. M., 421; Pulliam v. Jennings, 5 Bush, 433; Hawkins v. Brown, 80 Ky., 186; Robards v. Robards, 27 Ky. L. R., 494, 85 S. W. 718; Bell v. Blair, 28 Ky. L. R., 614, 89 S. W., 732; Poole v. Johnson, 31

Ky. L. R., 168, 101 S. W., 955; Glass v. Hampton, 122 S. W., 804.

Another limitation is that the grantee must, as a prerequisite to his right to claim anything for improvements, carry out his contract by supporting the grantor. If he fails to keep his contract, his right to be reimbursed for improvements or past support, is lost, and the grantor may recover the property for the purposes of that support which the grantee has failed to supply.

In the case at bar, appellant admits he left his grandmother and her husband to take care of themselves about eight years before this suit was brought. His claim that he supported them by giving his grandmother the use of her own land, is hardly worth serious consideration; and, having failed to keep his contract, he is entitled to no relief.

Judgment affirmed..