# RACHAEL FLANAGAN

## vs.

# MARGARET FLANAGAN AND JOSEPH KAHLER.

*Deeds: valuable consideration; presumption. Agreement to furnish home: death of promissor; rights of promissee.*

The presumption of law is that a deed made for a valuable consideration, however small, is valid and *bona fide,* and upon its execution and delivery transfers the interest of the grantor in the property to the grantee.                    p. 335

In cases of fraud, incapacity, or undue influence practiced upon the grantor, a court of equity may annul or rescind such a deed; or in such cases parole evidence may be introduced to vary the consideration, or to show a different kind from that expressed in the deed.                           p. 335

A mother, by an absolute conveyance and for a valuable consideration, conveyed her leasehold property to her son; upon his death the property was sold by his administratrix; the mother sought by an injunction to prevent the administratrix from executing a deed for the property and to have her deed to the son annulled and the property reconveyed to her; it appeared that her basis for relief, as alleged in the bill, was that the real consideration for her deed had been an oral promise of her son that, if she would convey to him her life estate in the property, he would provide her with a home and support her the rest of her life; the son had furnished her a home and had supported her during his life; *held,* that under such circumstances the deed could not be avoided, merely because the

grantee had been prevented by reason of his death from carrying out his contract, and there having been no allegations of fraud on the part of the grantee, there was no presumption against him.                                           p. 336

*Decided December 5th, 1918.*

Appeal from the Circuit Court for Baltimore County. (In Equity.) (McLane, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Thomas, Urner, Stockbridge and Constable, JJ.

*John Watson, Jr.,* for the appellant.

*John L. Donovan* and *R. E. Kanode,* for the appellees.

Briscoe, J., delivered the opinion of the Court.

Rachel Flanagan, the grantor in the deed here in controversy, is the widow of Thomas Flanagan, under whose will she obtained for life, with remainder to their two sons, a certain leasehold lot of ground in Catonsville, Baltimore County, and which is described in a deed, marked Plaintiff's Exhibit No. 2, set out in the Record in the case.

On the 11th day of May, 1911, she (the widow) and Arthur Joseph Flanagan, one of the sons, by a deed of assignment, absolute on its face, conveyed all their right and interest in this lot of ground unto Charles Lee Flanagan, one of her sons, and the other remainderman, so as he would hold the entire title to the property.

Charles Lee Flanagan, the grantee in the deed of assignment, died intestate and without children, in May, 1917, but leaving surviving him a widow, who subsequently adminis-

tered upon his estate and is one of the appellees on the record now before us.

In the course of the administration of his estate, the property in question was sold at public sale, and purchased by the appellee, Joseph Kahler. The sale was duly reported by the administratrix to the Orphans' Court, and after a hearing, upon certain exceptions thereto, was finally ratified by that Court.

On the 1st of October, 1917, the plaintiff below, and the appellant here, began proceedings in the Circuit Court for Baltimore County, to prevent and restrain by injunction the administratrix from executing a deed to the purchaser for the lot of ground, and also to vacate and set aside the deed in question, so far as it conveyed her life interest in the lot of ground, and also for a decree directing a reconveyance of her life interest to her.

The case was heard in the Court below upon demurrer to the bill of complaint, and, from an order of Court sustaining the demurrer and dismissing the bill, this appeal has been taken.

The basis of the plaintiff's relief rests upon the allegation of her bill that the real consideration for the deed was an oral promise and an agreement between the mother and son, if she would convey her life interest to him, he would support and furnish her with a home for the remainder of her natural life; that the son is dead, without leaving sufficient means to provide her a support and maintenance, and to permit the deed to stand, without the promised assistance and support of her son, would work a constructive fraud upon her as she is without other means of support, at the age of 81 years.

The deed, here assailed, it will be seen, is upon its face an absolute conveyance, and states "that in consideration of the sum of five dollars to them in hand paid, said Rachel Flanagan, and Arthur Joseph Flanagan do grant and convey unto the said Charles Lee Flanagan, his personal representatives and assigns, all that lot of ground situated in Baltimore County," as described in the deed.

There is no other consideration embodied or expressed in the deed itself, nor is there any independent written or recorded agreement providing for the maintenance and support of the grantor during her life by the grantee, set out in the record of the case.

The presumption of law is, that a deed made for a valuable consideration, however small, is valid and bona fide, and upon its execution and delivery transfers the interest of the grantor in the property to the grantee. *Tyner* v. *Johnson,* 119 Md. 632; *Jervis* v. *Jervis,* 127 Md. 133; *Poole* v. *Poole,* 129 Md. 390.

There is no allegation in the bill in this case of fraud, incapacity or undue influence practiced upon the grantor, that could impeach the deed or authorize a Court of Equity to annul or rescind it, or to permit parol testimony to be introduced to vary the consideration stated in the deed, or to show a consideration different in kind from that expressed in the deed. *Ellinger* v. *Crowl,* 17 Md. 375; *Bladen* v. *Wells,* 30 Md. 577; *Thompson* v. *Corrie,* 57 Md. 197; *Christopher* v. *Christopher,* 64 Md. 583.

There are cases where it is held, that where a grantor conveys property and the consideration is an agreement by the grantee to support, maintain and care for the grantor during his or her natural life, and the grantee neglects or refuses to comply with the contract, a Court of Equity will rescind the contract, strike down the deed and decree a reconveyance of the property.

The decisions will be found upon examination to be based upon the theory that the neglect, failure or refusal of the grantee to comply with the contract, raises a presumption that the contract was fraudulent in its inception, and he will not be permitted to enjoy the possession of property so obtained.

The present case, however, does not fall within the principle announced by those cases, because it is alleged in the bill of complaint that the grantee did support and maintain

the grantor for many years at his home, and this continued during his entire lifetime and up to the time of his death.

In *Calkins* v. *Calkins,* 220 Ill. 111, the Supreme Court of Illinois, thus states the law as applicable to this class of case. A deed cannot be avoided or set aside for the reason that the grantee has been prevented, by reason of his death, from carrying out his contract to furnish support to the grantors during his lifetime, because where, as here, he complied with the contract up to the time of his death, there can be no assumption of fraud, on the part of the grantee.

The cases, relied upon and cited by the counsel for the appellant, in his very carefully prepared brief, were decided upon a different state of facts, and they are not controlling in the present case.

It follows, that as the appellant failed to establish a right to equitable relief under her bill, the Court below was entirely correct in sustaining the defendants' demurrer and in dismissing the bill.

*Decree affirmed, with costs to the appellees.*