## Beard, et al. v. Beard.

(Decided June 22, 1923.)

### Appeal from Hopkins Circuit Court.

1. Assignments—Grantee's Agreement to Furnish Grantor a Home is Personal.—A contract by the grantee in a deed to furnish a home for the grantor for the rest of her life is a personal contract, which cannot be performed by the grantee's heirs, since the grantor cannot be compelled to accept a home with the heirs as performance of an agreement to furnish a home with grantee.

2. Assignments—Grantee's Obligation to Support Grantor Not Assignable if There is Personal Undertaking.—Though a contract to furnish food and care to a grantor may be assignable if it has in it no personal element, the rule cannot be applied where it is manifest from the written agreement that the grantee undertook personally to carry out the contract.

3. Deeds—Insurance on Grantee's Life Held Not Performance of Contract to Support.—Where a son agreed to furnish a home for his mother and to support her during the rest of her life as consideration for a deed of her property to him, the proceeds of the policies of insurance upon the son's life payable to his mother cannot be considered as a part of the support furnished by him, so as to defeat the right of the mother to cancel the deed after the grantee's death because of the inability of the grantee's wife and minor child to perform that contract.

COX & GRAYOT for appellants.

CHAS. G. FRANKLIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

In October, 1918, appellee, Mrs. Adah A. Beard, deeded to her son, Allen P. Beard, a tract of land in Hopkins county in consideration of the son supporting and caring for his mother during the remainder of her life and providing a decent buriel for her at her death. So much of the deed as is pertinent reads:

"As the consideration for this conveyance second party hereby agrees and binds himself to support first party and furnish her with *a home with him,* and furnish her with suitable food, clothes, medical attention, medicines and all the necessities during her natural life, and at death give her decent burial; and a lien is hereby specifically retained on the property hereby conveyed to

secure the performance by second party of all of said obligations.''

Soon after she deeded the land to her son he married appellant, Nan K. Beard, and in the course of events there was born to them a child, appellant Frances McKay Beard. Shortly after the birth of the child the son died, survived by his wife and infant daughter. Up to the time of his death he provided for the support and maintenance of his mother, according to the terms of the deed, and everything was satisfactory to both parties. Some months before the marriage he took out a policy of life insurance for $2,500.00, making his mother beneficiary, and another policy in which his mother was made beneficiary for something more than $200.00. Both these policies were collected by his mother after his death. On September 15, 1920, the mother, Mrs. Adah A. Beard, brought this action in the Hopkins circuit court against the widow, Nan K. Beard, and the infant daughter, Frances McKay Beard, praying a cancellation of the deed made to her son in consideration of her support and maintenance and asking a restoration of the property in fee simple. In the petition she averred that the widow and infant were unable financially to carry out and perform the conditions of the deed by supporting and maintaining the appellee as therein provided, and further that they had failed and refused to do so.

The widow and infant each filed an answer admitting the execution of the deed, the death of the son and husband, and that appellants were in possession of the said property, claiming it and holding it under the said deed; but each of them averred they were ready, able and willing to carry out the contract and to care for, support and maintain the appellee in the manner provided in the deed. It was further averred in the answer that the son had provided for the support and maintenance of his mother by taking out the policies of life insurance mentioned, and that these policies were taken out with the purpose and intention on the part of the son, in case of his death, that the mother should have the proceeds of the policies to support her, and that the proceeds of the policies were a part of the support and maintenance for which the conveyance by deed was made. The mother denied these averments concerning the insurance and alleged that the policies were taken out long before the making of the deed and the marriage of her son to appellant and with no

thought of supplementing the contract contained in the deed, and that the deed was made long after the policies were taken out and that the policies had no relation to or connection with the deed.

The court upon submission of the cause adjudged a cancellation of the deed, and a restoration of the land to the mother. From the evidence the chancellor found that the widow and infant child were unable financially to carry out the contract and that there was a failure of consideration; and further that "Adah A. Beard is entitled to have said property restored to her, upon the payment to Nan K. Beard and Francis McKay Beard the proportionate part of the whole consideration that had already been paid by Allen P. Beard, less the rental value of said property during said period, provided there is any such balance over and above the rental value thereof, and this case is now referred to the master commissioner of this court for the purpose of ascertaining and reporting what part of the whole consideration had been paid by the said Allen P. Beard at the time of his death, and he will also ascertain and report the total rental value of said property during said time."

From an examination of the evidence we think the finding of the chancellor that the widow and infant were unable to carry out and perform the contract by taking care of the mother and providing for her wants is fully sustained. Moreover, the contract under consideration involves personal service. In consideration of the conveyance of the land by the mother to the son he undertook to furnish her with suitable food, clothing, medical attention, medicine and all other necessaries during her natural life. He was her favorite son and had lived with and taken care of his mother for many years. She relied upon him and by the terms of the deed he agreed to support her and furnish her "a home with him." She did not want to live with some one else, but she did desire to live with her son. In order to induce him to stay with her and to care for her as well as to give him a start in life, she gave him all her earthly belongings, retaining a lien on the land to secure the performance of the obligations. The contract was not assignable nor could the appellant, Nan K. Beard, have performed the conditions of the deed because the grantee therein would not have furnished a home to his mother with him. The text of Page on Contracts, section 1262, specifically lays down

the rule that where a child, in consideration of the conveyance of lands, undertakes to provide the grantor a home and support, cannot assign the contract, for there is in it a personal element. Eastman v. Batchelder, 36 N. H. 141; 72 Am. Dec. 295. In the case of Schultz & Co. v. Johnson's Admr., 44 Ky. 497, we said:

"If the intention be that the contractor alone in person is to perform the contract, and that it is not to be performed by any other person, such a contract, it seems to us, would be *personal* in the sense in which we are considering it. Or, in other words, if the parties intended the contract to be personal, no matter what the subject matter might be, it must be so regarded and treated."

There is a line of cases, however, holding that where the contract is such as may be performed by anyone and does not have in it a personal element, it may be assigned; or in cases like the one under consideration, the furnishing of food, entertainment and care to a grantee may be by an agent or assignee of the original grantee, if the contract be not personal. This latter rule is never applied where it is manifest from the written agreement that the grantee undertook personally to carry out the contract.

A case very similar in some respects to the one under consideration is Maddox v. Maddox, 135 Ky. 403. In that case the appellants conveyed to their two sons a tract of land in consideration of support during their declining years. One of the sons died, and therefore could not carry out the contract; the other son was unable financially to perform his part of the contract. We held that inasmuch as the grantees were unable to comply with the covenants of the deed it should be set aside on repayment *pro tanto* to the grantees of the money and expenses incurred in attempting to carry out the contract.

In the instant case the master found from the evidence heard that the use and rent of the premises were equal to the value of the support and maintenance furnished to the mother and offset the one against the other. A final decree was entered confirming the report of the commissioner and adjudging a cancellation of the deed made by the mother to the son and a restoration of the lands to the mother.

Appellants made some complaint about the collection and use of the insurance by the mother, insisting that she should have applied the funds to her support and maintenance so long as it would last, and they assert

that if this were done by the mother that appellants would be in position by the time the insurance money was exhausted to take care of and support the mother, according to the terms of the contract. This insurance was for the mother's sole and separate use, and we can conceive no basis upon which the widow may claim any interest therein.

For the reasons indicated the judgment is affirmed.