## Luster v. Whitlock.

(Decided May 27, 1924.)

### Appeal from Pike Circuit Court.

1. **Deeds—Conveyance in Consideration of Support Canceled on Equitable Terms when Grantee Cannot Perform.**—Where land is conveyed in consideration of support, and after some time grantee is injured, and cannot furnish support as agreed, consideration fails, and contract should be canceled on equitable terms.

2. **Evidence—Contract of Married Woman, though Unenforceable, Admissible as Admission.**—Where land was conveyed to a woman in consideration of support for life, and later grantee's husband left her, and she broke her hip, and could not carry out her agreement, a writing then made agreeing to reconvey in consideration of certain sum, though unenforceable because grantee was married, may be regarded as an admission.

3. **Contracts—Grantee Partially Performing Contract to Support Two Persons Not Entitled to Moiety on Death of One and Failure of Consideration.**—Where land was conveyed in consideration of agreement to support two persons, and one of such persons died, and due to injuries and other circumstances grantee became unable to perform as to survivor, on cancellation of the conveyance for failure of consideration, grantee is not entitled to a moiety of land because she carried out contract as to one; contract not being divisible.

PICKLESIMER & STEELE and D. H. BLANKENSHIP for appellant.

O. A. STUMP and J. B. DESKINS for appellee.

Opinion of the Court by Judge McCandless—Revering.

On the 15th of June, 1914, Dicie Whitlock conveyed a small body of land in Pike county to Matilda Luster, the recited consideration being "of the sum of the lifetime maintenance for Dicie C. Whitlock and Matilda Bumgardner, to see that they are cared for the period of their natural lifetime and Matilda Bumgardner decently buried."

Dicie Whitlock and Matilda Bumgardner were sisters, aged about 80 and 78 respectively. Matilda Luster was a niece and something over 50. Each of the sisters had some small means in addition to this tract of land and had been living with Mrs. Luster from February previous. Mrs. Bumgardner died the following August, leaving personal effects of the estimated value of $235.00 to Mrs. Luster, who paid the funeral and burial expenses.

Subsequent to this Mrs. Whitlock made her home with Mrs. Luster for possibly two years and moved away, staying for fourteen months, but later returned for a time and in August, 1919, left again, and has not since resided with her.

This suit was filed June 4, 1920, seeking cancellation of the deed. In the original petition it was alleged that the deed was procured by fraud on the part of Mrs. Luster. In an amended petition plaintiff sought to enforce a writing which Mrs. Luster had executed in 1919, agreeing to reconvey the land to Mrs. Whitlock on payment to her of the sum of $200.00. A second amended petition was later filed, seeking a cancellation on the ground of failure of consideration.

The affirmative allegations of the various petitions were traversed and in a counterclaim it was pleaded that the contract was fully performed as to Mrs. Bumgardner, and thereby she had an absolute title to a moiety of the land and that she had made lasting and valuable improvements upon the property and was entitled to recover fo the board and maintenance of the ladies, and for the improvements upon the land, if any part of the deed was cancelled.

The court cancelled the deed, but gave Mrs. Luster judgment for $100.00 on her counterclaim and she appeals. As is usual in cases of this character, the evidence is conflicting, but it reasonably appears that Mrs. Luster furnished her aunts such accommodations as the contract contemplated. They purchased their clothing and paid

their doctors' bills and did some work, but she boarded them, cared for them and buried Mrs. Bumgardner. The tract of land cost Mrs. Whitlock only $500.00, and the parties themselves construed the contract to mean that they should live as above indicated. This is persuasive as to its meaning, and as we think a fair construction of its terms. Different reasons are assigned for Mrs. Whitlock's leaving. She attributes it to the habits of Mrs. Luster's husband. Other witnesses intimate that the old lady was merely restless and not satisfied to stay long at a place, and state that Mrs. Luster treated her with ordinary consideration and kindness. While Mrs. Whitlock was gone, Mrs. Luster and her husband separated, and Mrs. Luster had the misfortune to break her hip and quit keeping house and went to live with her daughter, and it is claimed that she is now unable to carry out the contract, though she denies this.

Appellant's evidence is to the effect that the maintenance of the old ladies while with her was worth $35.00 per month each; that she placed lasting and valuable improvements on the land and thereby enhanced its value to the extent of $500.00, for which sum she is entitled to credit if the deed is set aside, and that the rental value of the farm is not exceeding $50.00 per annum, which amount should be charged to her.

On the other hand, appellee's witnesses state that the total value of the improvements does not exceed $50.00, and the rental value of the land was $100.00 per annum; that the old ladies worked and paid their own expenses, and their maintenance was of less value than the rents of the farm, considering the amount of time covered by each of these items. That if the deed should be cancelled no ameliorations should be allowed appellant.

Regardless of which is culpable, if either, it clearly appears that the parties cannot carry out the contract according to its original intendment and it does not appear that Mrs. Luster can furnish Mrs. Whitlock board and maintenance elsewhere, nor does she offer to do so, hence the consideration fails in this particular, and the contract should be cancelled on equitable terms.

The parties seemed to realize this and in 1919 executed the writing to which reference is made above, in which Mrs. Luster agreed to reconvey the property to Mrs. Whitlock in consideration of $200.00.

Mrs. Luster was a married woman and the agreement unenforceable, but it constituted more than a mere offer

to compromise, and may be regarded as an admission upon the part of each, and considered for what it is worth, as affecting their relative rights. .

It must be admitted that Mrs. Luster made an effort to comply with her part of the contract and in a measure did so, and that she put some improvements on the property. But it must also be admitted that she had the use of the property for ten years; that Mrs. Bumgardner lived with her but a few months, and Mrs. Whitlock for only about three years. So that under all the circumstances we think it would be fair and equitable now to cancel the deed and give her a judgment for $200.00, with a lien on the land to be enforced if necessary.

We have not overlooked appellant's claim that she carried out her contract so far as Mrs. Bumgardner was concerned, and that this entitled her to a moiety of the land conveyed. We cannot agree to this. The contract was indivisible. If both had died the consideration would have been complete, but so long as either lives the obligation continues, though of course, in estimating her compensation upon a cancellation, the services she rendered to both as well as the enhanced value of the realty by reason of the improvements she placed thereon, are to be considered.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.